KISCO COMPANY, INC., a corporation, Plaintiff-Respondent,

v.

The MISSOURI COMMISSION ON HUMAN RIGHTS, Defendant-Appellant,

and

Ruby King, Party of Record.

No. 43948.

Missouri Court of Appeals, Eastern District, Division Two.

March 30, 1982.

Motion for Rehearing and/or Transfer Denied May 14, 1982.

Application to Transfer Denied July 12, 1982.

**498**

Gerry Delany Dean, Asst. Atty. Gen., Scott A. Woodruff, Jefferson City, for defendant-appellant.

Gregory F. Hoffmann, St. Louis, for plaintiff-respondent.

PER CURIAM.

Complaint was filed with the Missouri Commission on Human Rights alleging religious discrimination by Kisco Company, Inc. against one of its employees. After a hearing, the Commission found a section 296.-020, RSMo 1969 [1] violation, and Kisco appealed to the St. Louis County Circuit Court by petition for review. The Circuit Court sustained Kisco's petition thereby reversing the decision of the Commission and ordering it to dismiss the complaint. We affirm.

Ruby King, an employee of Kisco, worked around machinery that had moving parts. A Kisco Company safety rule prohibited its employees from wearing loose clothing that might become entangled in machinery, and all women employees who worked with machinery, including Ms. King, wore slacks or trouser-type pants, though often rolled up.

A startling religious experience at her church caused Ms. King's conversion to a religious philosophy with a basic tenet that its women members were not to wear slacks or pants. Dutifully obedient to her calling, Ms. King appeared at work the next day wearing a skirt; she was sent home as being in violation of safety rules. The following two days, she also appeared at work dressed in a skirt or dress and was again sent home. Although Kisco sought to place her in work where she would not be near machinery, such as a clerk, Ms. King lacked requisite skills for job change. Ms. King never again attempted to return to work for Kisco, instead filing this complaint and living on unemployment and welfare payments. The Commission found that Ms. King's employment was terminated because of her religious beliefs.

We have reviewed all the evidence in the light most favorable to the Commission's decision, as we must. The record fails to provide support for a finding that there was any intent to discriminate or that Ms. King was in fact discriminated against on the basis of her religion or in any regard. The stricture against wearing skirts was a reasonable safety measure adopted for no other purpose than for the welfare of all Kisco's employees and was applied without discrimination. *Dothard v. Rawlinson*, 433 U.S. 321, 332, 97 S.Ct. 2720, 2728–29, 53 L.Ed.2d 786, 799–800 (1977). The trial court's judgment reversing the Commission was correct. *County of St. Louis v. Brooks*, 614 S.W.2d 283 (Mo.App.1981).

The trial court's judgment is supported by substantial and competent evidence and is not against the weight of the evidence. No error of law appears. Further opinion

---

1. In effect at the time of the alleged discriminatory act.

would have no precedential value. Rule 84.16.[2]

We commend both parties for their excellent and helpful briefs to the court. Judgment of the trial court affirmed.

All Judges concur.

---

**2.** The issue of accommodation appears only tangentially and in view of the judgment is not pertinent to this case. Chapter 296 does not specifically provide for accommodation as does federal law. 42 U.S.C. § 2000e(j). An apparent conflict exists in state case law regarding the necessity for accommodation when statutes are silent in that regard. *See, e.g., Rankins v. Commission on Professional Competence,* 24 Cal.3d 167, 154 Cal.Rptr. 907, 593 P.2d 852, *appeal dismissed,* 444 U.S. 986, 100 S.Ct. 515, 62 L.Ed.2d 416 (1979) (holding accommodation to be considered), and *American Motors Corp. v. Department of Industry, Labor and Human Relations,* 101 Wis.2d 337, 305 N.W.2d 62 (1981) (no duty of religious accommodation imposed by state law, so none required to be imposed by administrative body or court).